O

# United States District Court
# Central District of California

| | |
|---|---|
| STEPHEN M. KERNAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION DBA BLUE CROSS AND BLUE SHEILD OF ILLINOIS, form of entity unknown; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-CV-02491-ODW (SKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]** |

## I. INTRODUCTION

Plaintiff Stephen M. Kernan brought suit in California state court against Defendant Health Care Service Corporation, d.b.a. Blue Cross and Blue Shield of Illinois ("BCBSIL"), for nonpayment of medical expenses under a company-sponsored health insurance plan. (*See generally* Compl., ECF No. 1-2.) BCBSIL removed the case to the District Court for the Central District of California, asserting that Kernan's claims are completely pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statutory scheme. (Not. Removal 2, ECF No. 1.) Plaintiff now moves to remand, arguing that this is a local, limited-jurisdiction controversy best adjudicated in a California state court. Having reviewed

Plaintiffs' First Amended Complaint, Defendants' Notice of Removal, Plaintiff's Motion to Remand, Defendants' Opposition, and Plaintiffs' Reply, the Court now makes its determination.[1] (FAC, ECF No. 19; Not. Removal, ECF No. 1; Mot. Remand ("Mot."), ECF No. 16; Opp'n, ECF No. 18; Reply, ECF No. 20.)

## II. BACKGROUND

### A. Factual Background

Plaintiff Stephen Kernan is an owner of Cardinal Capital Management, LLC. (FAC ¶ 21; Decl. Peggy Allen Supp. Not. Removal ("Allen Decl."), ECF No. 1-1.) Beginning in 2012, Mr. Kernan became a member of the BlueAdvantage Entrepreneur Participating Provider Option Health Care Plan ("Plan"), which BCBSIL administers on behalf of Mr. Kernan's company. (Allen Decl. ¶ 4.) The Plan provides, among other things, reimbursement for medical expenses. (FAC ¶ 23.) At all times, Mr. Kernan paid all premiums required to maintain his coverage in full force and effect. (FAC ¶ 5.)

Mr. Kernan incurred a $4,800 medical bill when he visited one Dr. Pillett for prosthetic treatment. (FAC ¶¶ 4, 38.) Dr. Pillett was an "out-of-contract" medical provider at the time this treatment took place. (FAC ¶ 26.) One of the provisions of Mr. Kernan's Plan requires BCBSIL to reimburse 80% of the cost paid by Mr. Kernan to out-of-contract medical providers. (FAC ¶ 25.) Thus, Mr. Kernan believes that BCBSIL was required to reimburse him a total of $3,840.00 for his visit to Dr. Pillett. But BCBSIL only offered Mr. Kernan $300.00, which Mr. Kernan asserts was done in bad faith. (FAC ¶ 35.) BCBSIL did not respond to further written demands for reimbursement. (FAC ¶ 37.)

### B. Procedural Background

On January 12, 2018, Mr. Kernan filed his initial Complaint as a limited civil action in the Superior Court of California, County of Los Angeles, alleging two state-

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

law causes of action, one for breach of contract and another for breach of the covenant of good faith and fair dealing. (Compl. 1, ECF No. 1-2.) Mr. Kernan's initial complaint named "Blue Cross Blue Shield" as the primary defendant.[2] (*Id.*)

After BCBSIL removed the case, but before Mr. Kernan moved to remand the case, the parties jointly stipulated to May 21, 2018, as Mr. Kernan's deadline for filing a First Amended Complaint. (Joint Stip. 2, ECF No. 14.) This Court approved of the stipulation, including the later deadline for the First Amended Complaint. (Order Stip. 2, ECF No. 15.) Two days later, Mr. Kernan moved to remand the case, which BCBSIL opposed. (Mot., Opp'n.) On May 14, 2018, Mr. Kernan filed his First Amended Complaint. (*See* FAC, ECF No. 19.) With this amended Complaint, Mr. Kernan seeks "only . . . the unpaid amounts" that he is owed under the Plan. (Compl. 7; FAC ¶ 6.)

That the First Amended Complaint was filed after Defendants had already filed their Notice of Removal and their Opposition to Plaintiffs' Motion to Remand creates a procedural anomaly. Ordinarily, after the filing of a First Amended Complaint, the Court would need to give BCBSIL another opportunity to argue that remand remains appropriate in light of any new factual allegations appearing in the First Amended Complaint. However, since the Court determines herein that nothing in the First Amended Complaint makes remand appropriate, the Court need not give BCBSIL this opportunity.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl.1; *see, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511

---

[2] No legal entity with this name exists. Mr. Kernan incorrectly served his Complaint on the Blue Cross Blue Sheild Association ("BCBSA"), an Illinois not-for-profit corporation that does not issue or administer health plans, but rather owns and licenses the Blue Cross and Blue Shield brands. (*See* Decl. Robert Leahy Supp. Mot. Dismiss at ¶ 3, ECF No. 9-2.) The First Amended Complaint lists only BCBSIL as a defendant, meaning that BCBSA has been effectively dismissed from the case. *See infra*, Section IV.E.

U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). One category of removable cases is "federal question" cases, which are cases that "arise under the Constitution, laws, or treaties of the United States." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1331).

"The right of removal is entirely a creature of statute," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and the party seeking to avail itself of the applicable statute bears the burden of showing that removal is appropriate. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013). In general, removal statutes are to be strictly construed, and if there is "any doubt as to the right of removal in the first place," then the case must be remanded. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Courts use the "'well-pleaded complaint' rule" to determine if a case arises under federal law. *Davila*, 542 U.S. at 207 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–10 (1983)). Under this rule, whether or not a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim . . ., unaided by anything alleged in anticipation of . . . defenses . . . ." *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914). Thus, generally speaking, a defending party may not create federal question jurisdiction by asserting a federal defense. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908). There is, however, an exception to this rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim is deemed to raise a federal question, and is therefore removable. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 3 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* The Ninth Circuit refers

to the removability of a completely pre-empted state law as the "'artful pleading' doctrine." *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007).

In ruling on a remand motion, the Court ordinarily looks to the complaint as it existed at the time of removal, together with the removal notice. *Miller v. Grgurich*, 763 F2d 372, 373 (9th Cir. 1985); 10 Beverly Reid O'Connell et al., *California Practice Guide: Civil Procedure Before Trial, Calif. & 9th Cir. Editions* ¶ 2:3755 (2018). If the remand motion challenges subject matter jurisdiction, the court may look to any relevant information the parties may present, including summary-judgment-type evidence such as affidavits or declarations. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015); *cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV.  DISCUSSION

BCBSIL removed this case on the grounds that each of Mr. Kernan's claims is completely pre-empted by ERISA. (Not. Removal 2.) Mr. Kernan, in response, accuses BCBSIL of "attempting to turn a short expedited proceeding" into "literally a Federal case." (Mot. 1.) Mr. Kernan now urges this Court to remand this case on two principal grounds. First, he asserts that BCBSIL's removal was untimely, requiring this Court to remand on the basis of this procedural defect. (Mot. 2.) Second, he argues that, for several reasons, his claims are not pre-empted by ERISA. (Mot. 3–6.) The Court first addresses Mr. Kernan's untimeliness argument.

**A.  Timeliness of Removal**

Time limitations for removal are set forth in 28 U.S.C. § 1446. First, "if the case stated by the initial pleading is removable on its face," notice of removal must be filed within 30 days of the filing of the initial complaint. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)); 28 U.S.C. § 1446 (b)(2)(B). Second, a party

must remove within 30 days of receiving "through service or otherwise . . . a copy of an amended pleading, motion, order or other paper" that shows that the case is removable. 28 U.S.C. § 1446 (b)(3). These two statutes operate only as limitations on removal; if neither the initial pleading nor subsequent papers provide notice that the case is removable, then the §1446 thirty-day periods do not begin to run, and the removing party is free to remove when it wishes. *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013) ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable.").

In order for the thirty-day period described in § 1446(b)(1) to begin to run, the plaintiff's initial pleading must make clear, on its face, that the requirements for federal jurisdiction are met. *Kuxhausen*, 707 F.3d at 1140 (clarifying that courts cannot "charge defendants with notice of removability until they've received a paper that gives them enough information to remove"); *see Roth*, 720 F.3d at 1126 ("[A] defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) . . . begins to run against the defendant.").

BCBSIL alleges that it received service of summons on March 13, 2018, and that, as such, its March 27, 2018 removal was timely. (Not. Removal ¶ 7.) Mr. Kernan explains that he served the first defendant he named, the Blue Cross and Blue Shield Association (BCBSA), on February 1, 2018, and removal is therefore untimely. (Mot. 3.) Moreover, Mr. Kernan recently filed a First Amended Complaint, and the parties have not had an opportunity to describe the effect of the First Amended Complaint on BCBSIL's opportunity to timely remove this case.

The Court need not wait for further briefing on the issue, however, because none of the thirty-day windows provided by 28 U.S.C. § 1446(b)(1) ever began to run in this case, and BCBSIL's removal is therefore timely. This is because only

information within the four corners of the Complaint, and not the defendant's own subjective knowledge, can begin the § 1446(b)(1) thirty-day statutory period. *Roth*, 720 F.3d at 1126. After careful study, the Court determines that nothing on the face Mr. Kernan's original Complaint sufficed to give BCBSIL "enough information to remove." *Kuxhausen*, 707 F.3d at 1140. The Complaint prays for damages "in an amount no greater than $25,000.00," eliminating the possibility of jurisdiction pursuant to diversity of citizenship under 28 U.S.C. § 1332. (Compl. 7.) Moreover, the two causes of action alleged in the initial Complaint are state-law causes of action; no federal statute appears on the face of the Complaint. As discussed above, a Complaint that alleges no federal causes of action does not give rise to federal question jurisdiction unless the state-law claims are completely pre-empted by federal law. Therefore, the only way Plaintiffs' Complaint could have given BCBSIL notice of removability is if it contained facts that would have indicated to BCBSIL, from the face of the Complaint alone, that Mr. Kernan's claims were subject to complete pre-emption under ERISA.

ERISA expressly pre-empts "all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Thus, the existence of an "employee benefit plan" is a minimum requirement for complete pre-emption under this provision of ERISA. Under ERISA, "any plan established or maintained by an employer for employees for the purpose of providing medical . . . benefits or services" qualifies as an employee benefit plan. 29 U.S.C. § 1002(1).

Mr. Kernan's Complaint fails to give BCBSIL notice of removability because the Complaint is devoid of facts that would allow BCBSIL to conclude that Mr. Kernan was bringing his suit based on what ERISA defines as an "employee benefit plan." The original Complaint devotes only one paragraph to describing how Mr. Kernan obtained his Plan, explaining that he "obtained from Defendant B. CROSS a health insurance policy covering, among other things, reimbursement for medical expenses." (Compl. ¶ 5.) The original Complaint does not specify that Mr. Kernan

received his plan through his company, nor does it state whether the plan was an individual plan or a group plan. These bare allegations were not sufficient to put BCBSIL on notice that Mr. Kernan was suing to enforce rights arising from an employee benefit plan, thus triggering the completely pre-emptive effect of ERISA. Instead, BCBSIL had to review its own records to determine that the Plan qualified as an employee benefit plan under ERISA. BCBSIL's independent inquiry, however, cannot start the thirty-day removal limitation period. *See Roth*, 720 F.3d at 1126.

The Complaint did not make clear on its face that it raised a federal question, and, as such, the 30-day removal limitation period under 28 U.S.C. § 1446(b)(1) never began to run. BCBSIL's Notice of Removal was timely.

**B.     Pre-emption by ERISA**

Mr. Kernan generally objects to his case being heard in federal court. He argues that, given that he accepted his health insurance plan in California and that all of his medical treatment was administered in California, the case ought to be heard in California courts. (FAC ¶ 15.) Mr. Kernan first asserts that, as an owner and not an employee of his company, ERISA does not apply to his health insurance plan. (Mot. 7–8.) With respect to his contract claim, he argues that, even though his contract claim may be pre-empted by the federal ERISA scheme, federal pre-emption cannot give rise to federal removal jurisdiction. (Mot. 4.) With respect to his state insurance law claim, he argues that removal is inappropriate because the state law under which he brings suit is a law "regulating insurance," which ERISA expressly specifies is not pre-empted. (Mot. 6.)

*1.     ERISA-Covered Plan*

Mr. Kernan is an owner, not an employee, at Cardinal Capital, LLC ("Cardinal"). (FAC ¶ 21.) He cites to *Arora v. Hartford Life and Annuity Ins. Co.*, 519 F. Supp. 2d 1021 (N.D. Cal. 2007) for the proposition that an owner's insurance policy, when that policy is separate from the policy offered to employees, does not

"relate to" an ERISA plan. (Mot. 7.) He points to the fact that his plan is called an "Entrepreneur" policy as support for this argument. (FAC ¶ 22.)

The holding of *Arora* is narrower than Mr. Kernan contends it is. The *Arora* court made use of the Supreme Court's reasoning in *Nationwide Mutual Ins. Co. v. Darden*, 503 U.S. 318 (1992), in which it was observed that ERISA's "definition of employee is 'completely circular and explains nothing.'" *Arora*, 519 F. Supp. 2d at 1026 (quoting *Darden*, 503 U.S at 323). The Supreme Court in *Darden* adopted a common-law agency test to determine who is an "employee" under ERISA. *Darden*, 502 U.S. at 323. Under this agency test, the fact that a beneficiary of a company plan is an "owner" rather than an "employee" of that company, as Mr. Kernan attempts to characterize himself, is not dispositive. *See id.* at 324 ("[A]ll of the incidents of the [employer-employee] relationship must be assessed and weighed with no one factor being decisive.").

The *Arora* plaintiffs were owners of a company, but the key reason they didn't qualify as employees under ERISA was because they had formed a shell corporation to house their life insurance plans. 519 F. Supp. 2d at 1024. Since the *Arora* plaintiffs had never done any work for, or provided any services to, the shell corporation, the court reasoned that the plaintiffs could not be considered "employees" of that shell corporation, so the life insurance plans were not "employee benefit plans" under ERISA. *Id.* at 1027.

Mr. Kernan's situation is factually distinguishable. The *Arora* court would not hold that the plaintiffs were employees of a shell corporation. *Id.* Here, the entity that administers Mr. Kernan's Plan is the same entity that Mr. Kernan works for, not a shell company.

The Court is not constrained by the holding of *Arora* because a business owner may be both an employer and an employee of a company for the purpose of ERISA-sheltered plan participation. *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 16 (2004) ("Congress intended working owners to qualify as

[ERISA] plan participants."). Mr. Kernan is a member of a health care plan that was issued to his company, Cardinal. (Allen Decl. ¶ 4.) The terms of Mr. Kernan's Plan specify that to be eligible for benefits under the terms of the Plan, the beneficiary must be an "employee of the Group" to which the plan applies. (FAC Ex. A at 53.) Mr. Kernan is one of seventeen individuals at Cardinal who receive health insurance through this company-issued plan. (Decl. Peggy Allen Supp. Opp'n ¶ 3, ECF No. 18-1.) The fact that the title of Mr. Kernan's plan contains the word "Entrepreneur" receives little weight in light of these facts. (Allen Decl. ¶ 4; Mot. 7.) Whether Mr. Kernan is an owner, an employer, an employee, or some combination thereof, his relationship to Cardinal as participator in a group benefits plan, together with BCBSIL's role as administrator of the Plan on behalf of Cardinal, require this Court to conclude that Mr. Kernan is an "employee" of Cardinal as far as ERISA is concerned.[3] Thus, the Plan under which Mr. Kernan brings suit is an "employee benefit plan" under ERISA.

  *2.  Pre-emption of State Law that Relates to Employee Benefit Plan*

Mr. Kernan argues that federal pre-emption cannot give rise to federal jurisdiction, and as such, even if his contract claim is pre-empted, that fact alone does not give BCBSIL a right of removal. (Mot. 4.) This is true inasmuch as it reflects the general rule that a federal defense does not create federal jurisdiction. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908). But federal pre-emption can and does give rise to federal removal jurisdiction under the doctrine of complete pre-emption when a federal statutory scheme has wholly displaced a state law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 3 (2003).

---

[3] The other cases cited by Mr. Kernan fail to support his position for this same reason. In *LaVenture v. Prudential Ins. Co. of Am.*, 237 F.3d 1042 (9th Cir. 2001), the Ninth Circuit found that an employer's individual insurance policy, purchased separately from an employee policy that the employer had obtained for employees, was not subject to ERISA. *Id.* at 1047. Mr. Kernan's Plan is a group plan, not an individual plan, bringing it outside the ambit of *LaVenture*. (Allen Decl. ¶ 4.)

By its express text, ERISA wholly displaces "all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), ERISA § 502(a), and it therefore completely pre-empts all claims brought under state laws that fit this description. Indeed, § 502(a) pre-empts not only state statutes, but any administrative rules and common law causes of action that relate to an employee benefit plan. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987).

It is "[t]he clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive" that gives § 502(a) such powerful pre-emptive force. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987); *see Taylor*, 481 U.S. at 66 (comparing the complete pre-emptive force of § 502(a) to the similarly complete pre-emptive force of § 301 of the Labor Management Relations Act ("LMRA")); H.R. Rep. No. 93-1280, at 327 (1974) (Conf. Rep.) (expressing Congress' intent that suits to enforce benefit rights or recover benefits under an ERISA-covered plan be "regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the" LMRA). ERISA even displaces certain state laws that offer remedies not available under ERISA, thereby eliminating those remedies, because ERISA "represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Dedeaux*, 481 U.S. at 54; *cf. Davila*, 542 U.S. at 222 (Ginsburg, J., dissenting) (highlighting the increasingly unjust nature of ERISA, which displaces virtually all state law remedies while providing very few federal substitutes).

As discussed above, Mr. Kernan's plan is an employee benefit plan. *See supra*, Section IV.B.1. The issue that remains is whether Mr. Kernan's contract claim for recovery of benefits under the Plan "relates to" the Plan, and with respect to this issue, the Supreme Court's decision in *Taylor*, 481 U.S. 58, controls. The *Taylor* plaintiff accused his employer of wrongfully withholding disability benefits, and brought a contract claim for payment of medical expenses, reinstatement of benefits, and

compensation for mental anguish. 481 U.S. at 61. After confirming that the plaintiff's contract claims were pre-empted by ERISA under its prior decision in *Dedeaux*, the Court went on to hold that the pre-emption was complete, such that the case was removable even though the face of the complaint showed only state-law contract claims. *See Dedeaux*, 481 U.S. at 67 (finding complete pre-emption, observing that the suit, though it purported to raise only state law claims, was "necessarily federal in character by virtue of the clearly manifested intent of Congress"). The *Taylor* Court found the plaintiff's contract claim to be completely pre-empted and removable even though the plaintiff had initially prayed for certain contract remedies that would not be available under ERISA. *Id.* at 54–55.

In this case, Mr. Kernan asks only for reimbursement owed under an employee benefit plan. (FAC ¶ 6.) His breach of contract claim "relates to" his Plan, because the contractual rights on which he brings suit arise directly and exclusively from the terms of the Plan. *Cf. Davila*, 542 U.S. at 213 (holding that Texas statute was related to employee benefit plans, when liability under the state statute was derived "entirely from the particular rights and obligations established by the benefit plans"). Mr. Kernan's case is exactly the kind of case that Congress intended to fall within ERISA's "uniform regulatory regime." *Id.* at 208.

### 3. *Limited Jurisdiction Complaint*

Mr. Kernan repeatedly urges that his initial Complaint was a limited jurisdiction Complaint, and that, as such, the complete pre-emption doctrine cannot subject the Complaint to removal. (Mot. 4.) Presumably, Mr. Kernan is referring to California law governing "limited civil" cases, which provides a streamlined litigation process for certain kinds of cases brought in state court. Cal. Civ. Pro. Code § 85–89. Because "[a] limited jurisdiction action does not follow all of the significant pleading requirements of traditional courts," the argument goes, Mr. Kernan's Complaint is characterized by a "lack of clarity," and a complaint that lacks clarity cannot be removed under the well-pleaded complaint rule. (Mot. 4.)

This argument is unavailing for two reasons. First, when a state-law claim is completely pre-empted by a federal scheme, the level of detail in the complaint is of no consequence. Mr. Kernan cites to no authority, and the Court finds none, holding that that a case cannot be removed to federal court merely because the plaintiff's complaint lacked detail or clarity. Second, in determining if remand is appropriate, the Court is not limited to the four corners of the Complaint because the Court is allowed to hear the non-moving party's side of the story by receiving evidence that shows that remand is inappropriate. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) (explaining that parties may submit "summary-judgment-type evidence" such as affidavits or declarations for consideration by a court ruling on a motion to remand). Mr. Kernan's Complaint is only one of many pieces of evidence the Court considers in ruling on this Motion, and the Court can compensate for any alleged lack of clarity in the Complaint by looking to other materials in the record.

Thus, the lack of clarity in Mr. Kernan's complaint is irrelevant to this Motion. Whether Mr. Kernan filed his case as a limited jurisdiction action or as an unlimited action, his contract claim is based on nonpayment of insurance benefits under a group benefit plan. His claim is completely pre-empted by ERISA and is therefore removable.

### C. Violations of California Insurance Code §§ 790.02 *et seq.*

The Court has determined that it has jurisdiction over this case because Mr. Kernan's claim for breach of contract is completely pre-empted by ERISA. Under the doctrine of complete pre-emption, a district court's jurisdiction over a completely pre-empted state law claim is original, because such a claim contains a federal question over which the district court has original jurisdiction. *See Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) ("[A]ny claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Since Mr. Kernan's contract claim and statutory claim both arise from the same case or controversy, the Court will

exercise supplemental jurisdiction over Mr. Kernan's claim for BCBSIL's violations of California Insurance Code section 790.03. *See* 28 U.S.C. § 1367(a); *accord Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n.3 ("[A] state claim can also be removed through the use of the supplemental jurisdiction statute . . . provided that another claim in the complaint is removable."). Whether this remaining state-law claim is conflict pre-empted, completely pre-empted, or saved by ERISA's insurance savings clause is a question that the Court will save for a later date.

**D.     Original Complaint and First Amended Complaint**

The Court has determined that remand is inappropriate in light of the facts as alleged in the First Amended Complaint. The major difference between the original Complaint and the Amended Complaint is that the latter explicitly alleges a cause of action under the California Insurance Code. But Mr. Kernan, in his briefs in support of this Motion, already pressed that his claim was for violation of California Insurance Code section 790.03, and that, as such, it was not removable. (Mot. 3.) The Court has heard and considered Mr. Kernan's argument with respect to the removability of Mr. Kernan's claim for violation of the California Insurance Code, and finds that it does not change the outcome of this Motion to Remand.

The breach of contract claim in both the original Complaint and the Amended Complaint are essentially the same: Mr. Kernan alleges that he and BCBSIL had a contract in the form of a health insurance plan, and that BCBSIL breached the contract by refusing to pay for 80% of the bill incurred for Mr. Kernan's visit to Dr. Pillet, causing that amount to accrue as damages. (*See* Compl ¶¶ 7–10; FAC ¶¶ 25–26, 28–32.) As discussed above, this contract claim, no matter how it is presented, is completely pre-empted by ERISA, giving BCBSIL a right to remove this case. *See supra* Section IV.B.2. Having considered Mr. Kernan's arguments against pre-emption, the Court concludes that the contract claim in the Amended Complaint is completely pre-empted for the very same reasons the contract claim in the original

14

Complaint is completely pre-empted. For these reasons, the Court **DENIES** Mr. Kernan's Motion to Remand. (ECF No. 16.)

///
///
///
///
///
///
///

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Remand, and his request for attorneys' fees. (ECF No. 16.)

**IT IS SO ORDERED.**

June 19, 2018

_____
          **OTIS D. WRIGHT, II**
    **UNITED STATES DISTRICT JUDGE**