# United States District Court
# Central District of California

| | |
|---|---|
| STEPHEN M. KERNAN, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br>HEALTH CARE SERVICE CORPORATION DBA BLUE CROSS AND BLUE SHEILD OF ILLINOIS, form of entity unknown; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 2:18-CV-02491-ODW (SKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [28]** |

## I. INTRODUCTION

Plaintiff Stephen M. Kernan brought suit in California state court against Defendant Health Care Service Corporation, d.b.a. Blue Cross and Blue Shield of Illinois ("BCBSIL"), for nonpayment of medical expenses under a company-sponsored health insurance plan. (*See generally* Compl., ECF No. 1-2.) BCBSIL removed the case to the District Court for the Central District of California, asserting that Kernan's claims are completely pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), a federal statutory scheme. (Not. Removal 2, ECF No. 1.) Plaintiff moved to remand, and, on June 25, 2018, the Court denied Plaintiff's Motion. (ECF No. 25.) On June 25, 2018, BCBSIL moved to dismiss Plaintiff's First

Amended Complaint ("FAC"). (ECF No. 28.) Plaintiff did not substantively oppose the Motion to Dismiss, but maintained he would file an amended complaint. (Opp'n, ECF No. 29.) For the reasons below, the Court **GRANTS** BCBSIL's Motion, with leave to amend.[1]

## II. BACKGROUND

Plaintiff Stephen Kernan is an owner of Cardinal Capital Management, LLC. (FAC ¶ 21; Decl. Peggy Allen Supp. Not. Removal ("Allen Decl."), ECF No. 1-1.) Beginning in 2012, Mr. Kernan became a member of the BlueAdvantage Entrepreneur Participating Provider Option Health Care Plan ("Plan"), which BCBSIL administers on behalf of Mr. Kernan's company. (Allen Decl. ¶ 4.) The Plan provides, among other things, reimbursement for medical expenses. (FAC ¶ 23.) At all times, Mr. Kernan paid all premiums required to maintain his coverage in full force and effect. (FAC ¶ 5.)

Mr. Kernan incurred a $4,800 medical bill when he visited Dr. Pillett for prosthetic treatment. (FAC ¶¶ 4, 38.) Dr. Pillett was an "out-of-contract" medical provider at the time this treatment took place. (FAC ¶ 26.) One of the provisions of Mr. Kernan's Plan requires BCBSIL to reimburse 80% of the cost paid by Mr. Kernan to out-of-contract medical providers. (FAC ¶ 25.) Thus, Mr. Kernan believes that BCBSIL was required to reimburse him a total of $3,840.00 for his visit to Dr. Pillett. BCBSIL only offered Mr. Kernan $300.00, which Mr. Kernan asserts was done in bad faith. (FAC ¶ 35.) BCBSIL did not respond to Mr. Kernan's further written demands for reimbursement. (FAC ¶ 37.)

## III. LEGAL STANDARD

A motion to dismiss under either Rule 12(c) or 12(b)(6) is proper where the plaintiff fails to allege a cognizable legal theory or where there is an absence of sufficient facts alleged under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*,

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Courts should freely grant leave to amend, unless amendment would be futile. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1049-50 (9th Cir.2006) (holding leave to amend properly denied where amendment would be futile).

## IV. DISCUSSION

As discussed in the Order Denying Plaintiff's Motion to Remand (ECF No. 27), ERISA has sweeping pre-emptive power. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). ERISA expressly supersedes "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Thus, if (1) a plaintiff could have brought his claim under 29 U.S.C. § 1132, and (2) the claim is not based on violation of a legal duty *independent* of ERISA or the terms of the plan, then the plaintiff's claim is pre-empted by ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

Here, Plaintiff, by his own admission, prays for "only the unpaid amounts" he is owed by his health insurance provider. (FAC ¶ 6.) In other words, Plaintiff is a "participant" suing "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132. Plaintiff's suit is exactly the kind of suit § 1132 empowers plaintiffs to bring, and because Plaintiff could have brought this claim under § 1132, *Davila's* first element is satisfied."

Plaintiff's claim does not invoke a legal duty independent of ERISA or the terms of the plan. Plaintiff argues that it does because California Insurance Code section 790.02 places on insurance companies the seemingly independent duty not to engage in unfair or deceptive business practices. However, these arguments are unavailing under *Davila*. One of the more subtle principles in *Davila* is that an independent legal duty is *not* implicated if determining whether that duty has been

breached requires reference to the underlying Plan. The *Davila* plaintiff was bringing suit under a Texas statute that (the argument went) imposed upon insurance companies by its express text a duty of ordinary care that existed neither in ERISA nor in the terms of the plaintiff's plan. The Supreme Court rejected the argument, finding that the Texas statute implicated no independent legal duty. The Court explained that liability under the Texas statute "would exist here only because of petitioners' administration of ERISA-regulated benefit plans." *Davila*, 542 U.S. at 213. Thus, the state-law claims "derive[d] entirely from the particular rights and obligations established by the benefit plans." *Id.*

The same is true here. With regard to section 790.02, Plaintiff is not alleging that Defendant engaged in some unfair or deceptive business practice outside the scope of Plaintiff's health benefits plan. Rather, Plaintiff maintains Defendant's practices are "unfair" or "deceptive" because Defendant did not pay out benefits as promised by the Plan. But the practical effect of this argument is that Plaintiff's entire argument is based on a violation of the Plan. Thus, the statute is pre-empted here for the same reason as the Texas statute: determining whether the statute was violated requires a determination of whether either party violated the terms of the Plan.

The analysis is similar with regards to California Insurance Code section 790.03. Plaintiff alleges, in one short paragraph, that "there has been no response from BCBSIL to Plaintiff's written demands and BCBSIL has further violated California Insurance code § 790.03 by failing to respond within the applicable (30) day period." (FAC ¶ 37.) The applicable 30-day period, though, does not arise from the statute. The 30-day period to which Plaintiff refers arises from the terms of the Plan. Thus, just as in *Davila*, Plaintiff's section 790.03 claim "derives entirely from the particular rights and obligations established by the benefit plans." 542 U.S. at 213. It is thus completely pre-empted.

Plaintiff seeks to "recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132, and therefore the relevant provisions of ERISA "supersede[] any and

all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a).  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.  (ECF No. 28.)

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss.  (ECF No. 28.)  To the extent Plaintiff wishes to file an amended complaint, he must do so before **August 16, 2018**.

**IT IS SO ORDERED.**

August 2, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**